UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____/

IN RE:

**GENERAL MOTORS LLC IGNITION SWITCH LITIGATION**

_____

**This Document Relates To:**

**Ramanpreet Kour, et al.**

      **Plaintiffs,**

v.                                                               Case No.: 17-CV-06854

**GENERAL MOTORS LLC,**

      **Defendant.**

_____/

### JOINT MOTION TO APPROVE SETTLEMENT

On behalf of minor plaintiff ▮▮▮▮▮▮▮▮▮▮, his natural parents, Matthew Washington and Maria Pacheco Toledo, and defendant General Motors LLC ("New GM") (collectively, "the Parties") hereby jointly move this Court to approve the settlement of the minor plaintiff's claims asserted in the above-captioned lawsuit, as follows:

1. The minor, Matthew Washington, is a plaintiff in the above-captioned multi-plaintiff lawsuit asserting claims for alleged injuries and damages allegedly sustained as a result of a single vehicle motor vehicle accident that occurred on July 22, 2017 in Barstow, California in which the minor plaintiff was a passenger in a model year 2001 Chevrolet Impala vehicle driven by his father (the "Incident"). A medical report, as required under Section 1208(c) of the New York Civil Practice Law and Rules, are attached hereto as **Exhibit A.**

2. New GM denies any and all liability for the injuries and damages alleged.

3. The minor plaintiff is eligible to participate in a confidential aggregate settlement in which specified clients of the law firms Weller, Green, Toups, & Terrell, L.L.P. and The Dugan Law Firm APLC ("Claimants' Counsel") are eligible to participate. Pursuant to the confidential aggregate settlement, this Court appointed Daniel J. Balhoff as the Special Master pursuant to Federal Rule of Civil Procedure 53(a)(1)(A). *See* Order Appointing Daniel J. Balhoff As Special Master In The Settlement Of Certain Cases, 3/7/19, Docket No. 6545. Thereafter, Special Master Balhoff created a settlement framework to evaluate the claims of each individual eligible to participate in the confidential aggregate settlement and determined the dollar value to allocate from the aggregate settlement amount as the individual's claimant gross settlement amount to be offered by New GM in order to resolve the individual's claims, provided all terms and conditions of the aggregate settlement are met.

4. Both natural parents of the minor plaintiff, Matthew Washington and Maria Pacheco Toledo, would like to enter into the Confidential Settlement Agreement and Release ("Release"), attached hereto as **Exhibit B**, and accept on the minor plaintiff's behalf the claimant gross settlement amount determined by Special Master Balhoff and set forth on Exhibit B of the Release. Pursuant to SDNY Local Rule 83.2, which requires that the court's proceedings "confirm, as nearly as may be, to the New York State statute and rules . . . ." and New York Civil Practice Law and Rules 1208 (a) and (b), the minor's parent and attorney have provided affidavits, attached hereto as **Exhibits C** and **D**. The minor's parents and Claimants' Counsel agree that the settlement is in the minor plaintiff's best interests (*see* **Exhibit C**, ¶ 7 (parent affidavit) and **Exhibit D**, ¶ 9 (attorney affidavit).

5. The staff of the Qualified Settlement Fund Administrator for the confidential aggregate settlement, Scott Freeman of Archer Systems, LLC ("Archer"), have prepared a

settlement ledger, attached hereto as **Exhibit E**, which lists the claimant gross settlement amount to be paid by New GM into the Toups QSF on behalf of the minor plaintiff and the proposed plan for disbursement of those settlement proceeds from the Toups QSF.  Both the minor plaintiff's parents respectfully request that the Court authorize the claimant gross settlement amount to be disbursed from the Toups QSF as indicated in **Exhibit B** and consistent with the report of the court-appointed Guardian ad Litem, Dennis Sheehan, which is described more fully below.

6. The Parties selected William Shapiro of Archer as lien administrator to identify and resolve any liens on behalf of the minor plaintiff, and the minor's parents completed the forms required for Mr. Shapiro to undertake his work.  As set forth in the the settlement ledger, no liens were identified by Mr. Shapiro.

7. The minor plaintiff resides with his father in the unincorporated community of Yermo located in San Bernadino County, California.  Court approval of the compromise of a minor's claim is required by both California law, see Cal. Rules of Court 3.1381, and this Court. *See* SDNY Local Rule 83.2.  After a diligent search, neither Claimant's Counsel nor the staff of the Qualified Settlement Fund ("QSF") Administrator for this settlement, Archer Systems, LLC, have been able to locate counsel licensed in California willing to be retained to file a petition for compromise of the minor plaintiff's claim in the Probate Department of the Superior Court of California of San Bernadino County.  Accordingly, the Parties seek this Court's approval of the compromise of the minor plaintiff's claims and a finding that the settlement is fair, reasonable, and in the minor plaintiff's best interest.  *See Orlander v. McKnight*, 2013 WL 4400537, at *3 (S.D.N.Y. Aug. 15, 2013).

8. On March 27, 2024, the Court appointed Dennis Sheehan as Guardian ad Litem to represent the interests of the minor plaintiff in connection with the proposed settlement of the

3

minor's claims asserted in the above-captioned lawsuit. (Order Appointing Guardian ad Litem, Docket No. 8825). As set forth in his report, attached hereto as **Exhibit F**, Mr. Sheehan submits that the settlement is reasonable, fair, just, and in the best interest of the minor plaintiff and he has proposed that the minor plaintiff's settlement proceeds be placed into an interest bearing, blocked bank account in California, established in a manner that no one can access the money until the minor turns 18 years of age, at which time, the minor will be entitled to the funds.

9. The minor's parents have authorized New GM to file the Notice of Voluntary Dismissal with Prejudice, attached as **Exhibit G**, and New GM will do so.

10. Based upon the foregoing, both parents of the minor plaintiff and New GM respectfully request that the Court approve the compromise of the minor plaintiff's claims in the above-captioned lawsuit as reflected in the Release and enter the proposed Order attached hereto as **Exhibit H**.

Dated: April 5, 2024

By: */s/ Wendy L Bloom*
Wendy L. Bloom
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000 (phone)
wbloom@kirkland.com

*Counsel for General Motors LLC*

By: */s/ Mitchell A. Toups*
Mitchell A. Toups
Weller Green Toups Terrell, LLP
2615 Calder Ave., Suite 400
Beaumont, TX 77702
409-838-0101
matoups@wgttlaw.com

James R. Dugan, II
The Dugan Law Firm, PPLC
365 Canal Street, Suite 1000

>New Orleans, LA 70130
>504-648-0180
>jdugan@dugan-lawfirm.com
>
>*Counsel for Plaintiff*

5

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be served on counsel of record via the Court's ECF system on April 5, 2024.

*/s/ Wendy Bloom*

Wendy Bloom